UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
LYLE D. NANCE,                  :
                                :
        Plaintiff,              :   Civ. No. 17-679 (NLH)
                                :
    v.                          :   MEMORANDUM ORDER
                                :
WILLIE BONDS, et al.,           :
                                :
        Defendant.              :
_____ :

It appearing that:

1. On or about January 19, 2017, Plaintiff Lyle D. Nance ("Plaintiff") filed the instant civil rights action alleging various violations of his rights under 42 U.S.C. § 1983 while he was incarcerated at South Woods State Prison and East Jersey State Prison. (ECF No. 1.)

2. At the same time, Plaintiff filed a separate action for other violations of his § 1983 rights while he was confined at East Jersey State Prison. (See Nance v. Nogan, Civil Action No. 17-672.) That case was allocated to the Newark vicinage and assigned to the Honorable Madeleine Cox Arleo, U.S.D.J.

3. In both of these matters, Plaintiff submitted a motion to consolidate. (ECF No. 1-4; Nance v. Nogan, Civil Action No. 17-672, ECF No. 1-2.) Also in both cases, Plaintiff submitted a

deficient application to proceed in forma pauperis. (ECF No. 1-3; Nance v. Nogan, Civil Action No. 17-672, ECF No. 1-1.)

4. On February 13, 2017, this Court entered an Opinion and Order denying Petitioner application to proceed in forma pauperis. (ECF Nos. 2, 3.) On February 7th, Judge Arleo similarly denied his application to proceed in forma pauperis. (Nance v. Nogan, Civil Action No. 17-672, ECF No. 2.)

5. On February 27, 2017, Plaintiff submitted a certification in the instant matter, outlining the steps he has taken to obtain a certified six month account statement, as required by this Court's previous Opinion and Order denying his in forma pauperis application. (ECF No. 6.)

6. On March 6, 2017, Plaintiff paid the filing fee in his case before Judge Arleo. (Nance v. Nogan, Civil Action No. 17-672.) On March 27, 2017, Plaintiff paid the filing fee in the instant case. (ECF No. 11.)

7. Based upon Plaintiff's payment of the filing fee, the Court will direct the Clerk of the Court to re-open this matter. Pursuant to local rule, the Motion to Consolidate, which has been filed in both actions, will be handled by Judge Arleo, as she has the first-filed case. See L. Civ. R. 42.1 ("A motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the cases bearing the earliest docket number. That motion shall be adjudicated by the Judge to

2

whom that case is assigned."). As such, the Court will deny the Motion to Consolidate in this matter.

8. Because of the pending Motion to Consolidate in Plaintiff's case before Judge Arleo, the Court will temporarily stay this matter. Upon resolution of that Motion, the stay will be lifted and Plaintiff's Complaint will be screened pursuant to 28 U.S.C. § 1915A. See 28 U.S.C. § 1915A ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

In light of the foregoing,

IT IS on this __13th__ day of _____April_____, 2017,

ORDERED that the Clerk of the Court shall make a new and separate entry marking this matter RE-OPENED; the Clerk shall also re-instate Plaintiff's Motion to Consolidate (ECF No. 1-4)and it is further

ORDERED that the Complaint shall be filed; and it is further

ORDERED that SUMMONS SHALL NOT ISSUE, at this time, as the Court's sua sponte screening has not yet been completed; and it is further

ORDERED that the Motion to Consolidate filed in the instant matter (ECF No. 1-4) is DENIED; said Motion will be adjudicated

in the first-filed case, as required by Local Rule; and it is further

ORDERED that this matter is temporarily STAYED until the Motion to Consolidate in Plaintiff's first-filed action is adjudicated; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

At Camden, New Jersey                         S/ Noel L. Hillman
                                                     NOEL L. HILLMAN, U.S.D.J.